■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALDRIC CARTHRENS, Appellant.—Judgment of the Supreme Court, New York County (Budd G. Goodman, J.), rendered on January 3, 1992, convicting defendant of one count of criminal possession of a controlled substance in the third degree, and sentencing him to a term of imprisonment of three years to life, unanimously reversed, on the law, the facts, in the exercise of discretion and in the interest of justice, and the indictment dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of a copy of this Court's order upon the respondent, with leave during this 30 day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

This case was previously before us on the People's appeal from the Trial Judge's granting of a motion to set aside the verdict pursuant to CPL 330.30 *(People v Carthrens,* 171 AD2d 387). We held that the trial court exceeded its authority in setting aside the verdict on the grounds that the defendant had been denied a fair trial, and that there was a grave risk an innocent man had been convicted, where the trial court had expressly rejected the limited grounds upon which a trial court is authorized to set aside a verdict by CPL 330.30. We further held that the exercise of our jurisdiction to reverse in the exercise of discretion and in the interest of justice must await the defendant's direct appeal. That appeal is now before us. The facts are well presented in the prior memorandum and need not be recounted in detail. We note only that this defendant has no prior arrests, and the record contains many troubling inconsistencies. According to the police testimony this three hundred pound defendant walked out of the building acting "suspicious", and carrying a bag containing a handgun and two ounces of cocaine. When he saw the two police officers, who had responded to a radio report of gunfire in the vicinity, defendant allegedly tossed down the bag, ran back into the building, jumped through a window in the lobby

only to be apprehended in the alley. The building superintendent testifed that the front door and the alley gate were usually locked and that the lobby windows were stuck shut. The police officer who testified that defendant jumped out of the window admitted on cross examination that defendant is wider than the window he allegedly jumped through.

We reverse. The implausible scenario of events presented by the inconsistent police testimony, cast in serious doubt by the testimony of the building superintendent, leaves us "with a very disturbing feeling that guilt has not been satisfactorily established; that there is a grave risk that an innocent man has been convicted; and that we should therefore not let this conviction stand" (People v Kidd, 76 AD2d 665, 668). Concur—Murphy, P. J., Carro, Ellerin, Asch and Smith, JJ.

